**WADE B. GOCHNOUR**
Assistant City Attorney
Nevada Bar No. 6314
240 Water Street, MSC 144
Henderson, NV  89015
(702) 267-1200 Telephone
(702) 267-1201 Facsimile
Wade.Gochnour@cityofhenderson.com

*Attorneys for City of Henderson*
*and Cade Aponick*

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DOUGLAS ROBERTS, an individual, | CASE NO.: 2:26-cv-01164-GMN-MDC |
| Plaintiff, | |
| v. | |
| CITY OF HENDERSON, a Political Subdivision of the State of Nevada; CADE APONICK, individually, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada, and I-XX, | **DEFENDANTS CITY OF HENDERSON AND CADE APONICK'S JOINDER IN AND/OR CONSENT TO REMOVAL OF ACTION** |
| Defendants. | |

Pursuant to 28 U.S.C. § 1331, § 1367, §1441, and § 1446, Defendants CITY OF HENDERSON and CADE APONICK ("City Defendants") hereby join and consent to the removal of this action to this Court based on the original jurisdiction of this court over all civil actions arising under the Constitution and law of the United States. Removal of this action is supported as follows:

1. The City Defendants were served with a copy of the Summons and First Amended Complaint through an Acceptance of Service of Summons and First Amended Complaint on March 26, 2026. See Acceptance of Service of Summons and First Amended Complaint, attached as Exhibit 1. A copy of the First Amended Complaint is attached as Exhibit 2.

1

2.  The First Amended Complaint alleges that Plaintiff's rights under the First and Fourth Amendment rights under the United States Constitution were violated, and that Plaintiff is pursuing a claim under 42 U.S.C. § 1983.

3.  Co-Defendant, Las Vegas Metropolitan Police Department ("LVMPD") timely filed a Notice of Removal by Las Vegas Metropolitan Police Department with this court, and the Eighth Judicial District Court, Clark County, State of Nevada on April 15, 2026 (ECF #3).

4.  The City Defendants are filing this Joinder in or Consent To Removal of this action pursuant to 28 U.S.C. § 1446.

5.  This Joinder in or Consent To Removal is filed within 30 days of the service of the First Amended Complaint on the City Defendants.

6.  As set forth in LVMPD's Notice of Removal, removal of this action is appropriate pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

DATED this April 23, 2026.

CITY OF HENDERSON

By /s/ Wade B. Gochnour
**WADE B. GOCHNOUR**
Assistant City Attorney
Nevada Bar No. 6314
240 Water Street, MSC 144
Henderson, NV  89015

*Attorneys for Defendants*
*City of Henderson and Cade Aponick*

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

2

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the City of Henderson and that on April 23, 2026, I electronically filed the foregoing DEFENDANTS CITY OF HENDERSON AND CADE APONICK'S JOINDER IN AND/OR CONSENT TO REMOVAL OF ACTION with the Clerk of the Court for the United States District Court, District of Nevada, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Shonda Johnson
An employee of the
Henderson City Attorney's Office

CITY ATTORNEY'S OFFICE
CITY OF HENDERSON
240 S. WATER STREET MSC 144
HENDERSON, NV 89015

3

# EXHIBIT 1

USDC Case No. 2:26-cv-01164-GMN-MDC
Acceptance of Service of Summons and First
Amended Complaint

ACSR
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

DOUGLAS ROBERTS, an individual,

        Plaintiff,

v.

CITY OF HENDERSON, a political subdivision of the State of Nevada, CADE APONICK, individually, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada, and DOES I through X,

        Defendants.

CASE NO. A-26-940710-C

DEPT. NO.  13

**ACCEPTANCE OF SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT**

I, the undersigned Counsel, hereby accept service of the Summons and First Amended Complaint on behalf of Defendants CITY OF HENDERSON and CADE APONICK and waive formal service of process. I represent that I am authorized to accept service of process on behalf of these Defendants. A responsive pleading will be due 45 days from this Acceptance of Service.

DATED this 26ᵀᴴ day of March 2026.

                       **CITY ATTORNEY'S OFFICE**

                       Brandon P. Kemble, Esq.
                       Nevada Bar No. 11175
                       **CITY OF HENDERSON**
                       **CITY ATTORNEY'S OFFICE**
                       240 S. Water Street., MSC 144
                       Henderson, Nevada 89015
                       Phone: (702) 267-1200
                       *Attorney for Defendants City of Henderson and Cade Aponick*

# EXHIBIT 2

USDC Case No. 2:26-cv-01164-GMN-MDC
First Amended Complaint

Electronically Filed
3/4/2026 2:26 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

DOUGLAS ROBERTS, an individual,

      Plaintiff,

v.

CITY OF HENDERSON, a political
subdivision of the State of Nevada, CADE
APONICK, individually, LAS VEGAS
METROPOLITAN POLICE DEPARTMENT,
a political subdivision of the State of Nevada,
and DOES I through X,

      Defendants.

CASE NO. A-26-940710-C

DEPT. NO.  13

**FIRST AMENDED COMPLAINT**

Plaintiff, DOUGLAS ROBERTS, by and through his counsel, Adam J. Breeden, Esq. of BREEDEN & ASSOCIATES, PLLC, hereby alleges the following as his Complaint for violations of his civil rights as follows:

## INTRODUCTION

1.    Plaintiff DOUGLAS ROBERTS brings this action as a public interest lawsuit to ensure accountability of law enforcement which otherwise would abridge the First Amendment rights of the public and the press to film law enforcement and would seek to retaliate against those exercising those rights.

2.    As a member of the press, ROBERTS places the highest priority on the Freedom of Speech, Freedom of the Press, and exercise of First Amendment rights.

3.    Plaintiff, however, is not alone in his belief. United States Supreme Court Justice

Hugo Black wrote "The Constitution specifically selected the press…to play an important role in the discussion of public affairs. Thus the press serves and was designed to serve as a powerful antidote to any abuses of power by governmental officials and as a constitutionally chosen means for keeping officials elected by the people responsible to all the people whom they were selected to serve." *Mills v. Alabama*, 384 U.S. 214, 219, 86 S. Ct. 1434, 1437 (1966).

4.    Further, Louis D. Brandeis, himself later a notable United States Supreme Court Justice, also famously wrote of the rights of the Press in our republic that that "[s]unlight is said to be the best of disinfectants; electric light the most efficient policeman" against abuses by the government.

5.    Unfortunately, more than 100 years after Mr. Brandeis' famous remark, law enforcement in this case both stopped the Plaintiff, a member of the Press, from filming them, and also detained him in a retaliatory manner to investigate him for other potential crimes, for which they had no probable cause. As a result, Plaintiff must bring this action to redeem his civil rights, the public and press' civil rights, and hold law enforcement accountable.

**PARTIES, JURISDICTION AND VENUE**

6.    Plaintiff, DOUGLAS ROBERTS is a resident and citizen of the State of Nevada, County of Clark, and was at all times relevant to this Complaint.

7.    Defendant, CITY OF HENDERSON is a political subdivision of the State of Nevada. It was legally formed as a City on April 16, 1953 by a charter approved by the Nevada Legislature. It operates the City of Henderson Police Department and employs its officers.

8.    Defendant, CADE APONICK is, on information and belief, a resident and citizen of the State of Nevada, County of Clark, and was at all times relevant to this Complaint. APONICK is a "peace officer" in the State of Nevada as that term is defined in NRS § 289.150(1).

9.    At the times alleged herein, Defendant APONICK, who is alleged to be a police officer, was the actual, apparent, implied, or ostensible agent of Defendant CITY OF HENDERSON. Therefore, Defendant CITY OF HENDERSON is responsible for the injuries and damages caused to the Plaintiff under the theory of respondeat superior, NRS § 41.130 and to the extent applicable NRS § 42.007.

2

10.     Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter referred to as "LVMPD"), is a public agency police department organized pursuant to NRS Chapter 280, operating in the County of Clark, State of Nevada. It is a "law enforcement agency" for the State of Nevada as that term is defined in NRS § 289.010(2).

11.     Defendant, DOE OFFICER I, is, on information and belief, a resident and citizen of the State of Nevada, County of Clark, and was at all times relevant to this Complaint. DOE OFFICER I is a "peace officer" in the State of Nevada as that term is defined in NRS § 289.150(1).

12.     At the times alleged herein, Defendant DOE OFFICER I, who is alleged to be a S.W.A.T. officer, was the actual, apparent, implied, or ostensible agent of Defendant LVMPD. Therefore, Defendant LVMPD is responsible for the injuries and damages caused to the Plaintiff under the theory of respondeat superior, NRS § 41.130, and to the extent applicable, NRS § 42.007.

13.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through X, inclusive, are unknown to the Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES I through X inclusive are unknown corrections officers in some manner for the events and happenings referred to herein, and caused injury and damages proximately thereby to Plaintiff, as herein alleged, and Plaintiff will ask leave of this Court, as may be necessary, to amend this Complaint to insert the true names and capacities of Defendant DOES when the same has been ascertained by Plaintiff, together with appropriate charging allegations, and join such Defendants in this action. However, DOE OFFICER I is specifically identified as a member of the LAS VEGAS METROPOLITAN POLICE DEPARTMENT S.W.A.T. team who detained Plaintiff and required him to stop filming, and is a black male officer.

14.     Venue is proper in the Eighth Judicial District Court of Nevada pursuant to NRS §13.040 as the events alleged herein occurred in Clark County, Nevada.

15.     The Court has personal jurisdiction over the Defendants because they are residents of the State of Nevada or governmental entities part of the State of Nevada or have minimum contacts with the State of Nevada under NRS § 14.065.

3

16.    The Court has subject matter jurisdiction over this matter pursuant to Nev. Const. Art. VI, § 6 and NRS §4.370(1), as this Court has original jurisdiction in all cases not assigned to the justices' courts and the amount in controversy exceeds $15,000, exclusive of attorney's fees, interest, and costs.

17.    This State court has concurrent jurisdiction over the claim brought herein under 42 USC § 1983 pursuant to *Martinez v. California*, 444 U.S. 277, 283, 283 n.7, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980) (noting the general rule of concurrent jurisdiction means that state courts can adjudicate federal § 1983 actions).

18.    The causes of action contained herein do not require exhaustion of administrative remedies. *Eggleston v. Stuart*, 495 P.3d 482, 486 (Nev. 2021) ("a party generally is not required to exhaust administrative remedies before filing a § 1983 civil rights claim").

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

19.    Beginning on April 12, 2024, the CITY OF HENDERSON Police Department became engaged in a standoff with a suspect who barricaded himself inside a residence at 206 Callen Falls Avenue.

20.    The standoff would last nearly 37 hours and would involve both the Henderson Police Department and Las Vegas Metropolitan Police Department S.W.A.T. team members.

21.    The standoff was newsworthy and was extensively covered by local press. Eventually, the suspect was found deceased inside the residence but allegedly not after firing a weapon at least once at officers. The circumstances of his death were unusual and at one point law enforcement made a dubious decision to use heavy construction machinery to tear down part of the suspect's residence, causing large property damage.

22.    Plaintiff DOUGLAS ROBERTS was a member of the press covering the notable story.

23.    ROBERTS went to the scene of the standoff along with numerous other media members and had originally parked his vehicle around 300 feet away from the suspect's residence outside a police perimeter that the Henderson Police Department set up. He set up a camera with a public live feed and monitored public police scanner or police band radio. The view from his vehicle

4

did not interfere with officers, nor did he have any view or information unavailable to the public, or available to any of numerous other media members also covering the events. Roberts' videos of newsworthy events are so widely disseminated and watched, that even LVMPD has used his content in its own publications.

24. At some point, LAS VEGAS METROPOLITAN POLICE DEPARTMENT S.W.A.T. also became involved and asked members of the press to move an arbitrary additional amount backwards (perhaps another 20-30 feet away), which ROBERTS personally did but left the camera in his parked vehicle recording and live feeding.

25. To illustrate that the filming in no way interfered with officers and was from an extreme distance showing only what was visible to any member of the public, an image from the video is below. The officers are so far away, a yellow circle has been added to help the reader even identify them. The original police tape in front of the vehicle can also be seen.



27. For reasons unknown, DOE OFFICER I of the LAS VEGAS METROPOLITAN POLICE DEPARTMENT and Defendant APONICK of the CITY OF LAS VEGAS police department intervened when ROBERTS' filming was learned by them.

5

28.     On inquiry as to who had a camera in their vehicle, ROBERTS identified himself to law enforcement. He was told by DOE OFFICER I and assisted by APONICK and other officers, in a manner expressly against State statute and State and Federal Constitutional rights, that he could not film and live feed.

29.     In fact, the United States and Nevada constitutions both permit filming law enforcement as freedom of speech/freedom of the press protected activity, and NRS § 171.1233 expressly states that this right includes "the capturing of or the attempt to capture any moving or still image, sound or impression through the use of any such device *for the purpose of broadcasting an event or occurrence in real time*," in other words the exact type of live feed of the event in which ROBERTS was engaged.

30.     Although ROBERTS politely responded to all law enforcement questions and requests, he was told he was being escorted from the scene to prevent further reporting and filming.

31.     In fact, when ROBERTS asked permission to simply back his vehicle up another 20-30 feet so he and the vehicle were outside the newly-moved police tape, he was told that was unacceptable and he would be removed from the area and would be arrested if he returned.

32.     Further, he was detained longer than necessary for law enforcement to accomplish even this unconstitutional goal. DOE OFFICER I and APONICK detained ROBERTS while his name was run for open warrants or other reasons to further detain or arrest him (of which there were none). Only after prolonging his already unconstitutional detainment to conduct an investigation for other crimes they had no probable cause to believe existed, they made ROBERTS stop filming, move his vehicle and leave the scene under escort. This also violated ROBERTS' United States and Nevada Constitutional search and seizure rights.

33.     However, the audacity of law enforcement's conduct here should not be understated. Law enforcement took a member of the press and for no lawful reason, stopped him from exercising his Constitutional and statutory rights. Then, in retaliation of exercising those rights, the Defendants detained him without suspicion to search for other possible reason to arrest ROBERTS, and threatened him with arrest.

34.    In doing so, the Defendants violated ROBERTS' civil rights, the rights of the press generally, and chilled the First Amendment rights of all members of the public and the press to observe and report on the actions of law enforcement.

## FIRST CLAIM FOR RELIEF

### (Violation of Federal Civil Rights Under 42 U.S.C. § 1983)

35.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-33 as if fully set forth herein.

36.    This cause of action is pleaded by Plaintiff GINES only against Defendants APONICK and DOE OFFICER I in their individual capacity.

37.    The First Amendment to the United States Constitution protects an individual's freedom of speech and freedom of the press. The First Amendment has been found to protect a person's right to film law enforcement performing their duties and to protect against retaliation against a person for exercising that right. *Mills v. Alabama*, 384 U.S. 214, 218, 86 S. Ct. 1434, 16 L. Ed. 2d 484 (1966) ("[t]he filming of government officials engaged in their duties in a public place, including police officers performing their responsibilities, fits comfortably within these principles. Gathering information about government officials in a form that can readily be disseminated to others serves a cardinal First Amendment interest in protecting and promoting 'the free discussion of governmental affairs.'"); *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995) (recognizing the First Amendment right to record law enforcement).

38.    The Fourth Amendment to the United States Constitution states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

39.    The First and Fourth Amendments have been held applicable to the States and individual state actors, a process called incorporation, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Gitlow v. New York*, 268 US 652 (1925) (incorporation of First Amendment); *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691 (1961)

7

(incorporation of Fourth Amendment).

40.    Pursuant to 42 USC § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

41.    At the times alleged in the complaint on or about April 12, 2024, Defendants APONICK and DOE OFFICER I were state actors of the State of Nevada or its political subdivisions, acting under color of law.

42.    Defendants APONICK and DOE OFFICER I did violate the civil rights of the Plaintiff under the First and Fourth Amendment in the following ways, without limitation:

        a.    Interfering with ROBERTS' First Amendment right to film the officers performing their duties;

        b.    Detaining ROBERTS in retaliation for filming the officer performing his duties;

        c.    Effectively seizing ROBERTS camera equipment and forcing him to stop filming and broadcasting;

        d.    Extending the time necessary to detain ROBERTS to conduct their business in order to search for other potential offenses, crimes or reason to arrest ROBERTS, without probable cause to extend their detention of him;

        e.    Chilling freedom of speech and freedom of the press;

        f.    Failing to intervene when observing other law enforcement officers violating ROBERTS' civil rights as alleged above.

43.    The acts of Defendants APONICK and DOE OFFICER I deprived the Plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the United States.

44.    Defendants APONICK and DOE OFFICER I lacked any valid justification or Constitutional exception for their unlawful actions.

8

45.    At the times alleged herein, the Constitutional rights of the Plaintiff were clearly established and it would be clear to a reasonable officer/actor that his/her conduct was unlawful in the situation he/she was confronted.

46.    As a result of the violation of Plaintiff's civil rights, Plaintiff sustained damages, including but not limited to nominal damages for violations of his civil rights in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

47.    The acts of Defendants APONICK and DOE OFFICER I were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

48.    Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest, including attorney's fees and expert fees pursuant to 42 USC § 1988 and all other applicable law.

## SECOND CLAIM FOR RELIEF

### (Violation of Nevada Constitution/Constitutional Tort)

49.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-47 as if fully set forth herein.

50.    This cause of action is pleaded by Plaintiff against Defendants APONICK and DOE OFFICER I in their individual capacities.

51.    The Nevada Constitution Art. I Sec. 9 states that "Every citizen may freely speak, write and publish his sentiments on all subjects being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press."

52.    Further, the right to film law enforcement performing their duties is protected by Nevada state law. NRS § 171.1233 ("A person who is not under arrest or in the custody of a peace officer may record a law enforcement activity and maintain custody and control of that recording"). This statute also expressly allows such filming "for the purpose of broadcasting an event or occurrence in real time."

53.    The Nevada Constitution Art. I Sec. 18 states that "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall

not be violated; and no warrant shall issue but on probable cause, supported by Oath or Affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized."

54.    The Nevada Supreme Court has held that there is a private cause of action under the Nevada Const. Art. I Sec. 18 for retrospective monetary relief, a so-called Constitutional Tort. *Mack v. Williams*, 522 P.3d 434, 450 (Nev. 2022). Plaintiff pleads in good faith that this cause of action would extend to violations of Nevada Constitution Art. I Sec. 9 also.

55.    At the times alleged in the Complaint, Defendants APONICK and DOE OFFICER I were state actors of the State of Nevada, acting under color of law.

56.    Defendants APONICK and DOE OFFICER I did violate the civil rights of the Plaintiff under the Nevada Constitution Art. I Sec. 9 and 18 in the following ways, without limitation:

    a.  Interfering with ROBERTS' First Amendment right to film the officers performing their duties;

    b.  Detaining ROBERTS in retaliation for filming the officer performing his duties;

    c.  Effectively seizing ROBERTS camera equipment and forcing him to stop filming and broadcasting;

    d.  Extending the time necessary to detain ROBERTS to conduct their business in order to search for other potential offenses, crimes or reason to arrest ROBERTS, without probable cause to extend their detention of him;

    e.  Chilling freedom of speech and freedom of the press;

    f.  Failing to intervene when observing other law enforcement officers violating ROBERTS' civil rights as alleged above.

57.    The acts of Defendants APONICK and DOE OFFICER I deprived the Plaintiff of his rights, privileges, or immunities secured by the constitution or laws of the state of Nevada.

58.    Defendants APONICK and DOE OFFICER I lacked any valid justification or Constitutional exception for their unlawful actions.

59. The Nevada Supreme Court has expressly held that there is no qualified immunity for Nevada Constitutional torts.

60. As a result of the violation of Plaintiff's civil rights, Plaintiff sustained damages, including but not limited to nominal damages for violation of his civil rights, in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

61. The acts of Defendants APONICK and DOE OFFICER I were taken with oppression, fraud or malice and/or his conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the State constitutionally-protected rights of others, therefore Plaintiff seeks punitive damages.

62. Plaintiff specifically pleads to notify the Court that in this action he asserts that Nevada Constitutional Torts are not subject to Nevada's statutory limits on claims against the State found in NRS § 41.035 (monetary limit on damages, bar of punitive damages) because doing so would allow the State to, by statute, limit or bar claims against it which are imposed by the Nevada Constitution.

63. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

### THIRD CAUSE OF ACTION

**(False Arrest/False Imprisonment)**

64. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-62 as if fully set forth herein.

65. This cause of action is pleaded by Plaintiff against the following Defendants: Defendants APONICK, DOE OFFICER I, CITY OF HENDERSON and the LAS VEGAS METROPOLITAN POLICE DEPARTMENT.

66. On or about April 12, 2024, Defendants APONICK and DOE OFFICER I did detain ROBERTS without probable cause.

67. ROBERTS was (1) restrained of his liberty, (2) under threat of force or arrest, (3) without legal cause, and (4) he was aware of or conscious of the restraint.

68. The Defendants intended to so falsely arrest or imprison ROBERTS.

69. Defendant CITY OF LAS VEGAS is vicariously liable for the acts APONICK.

11

70. Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT is vicariously liable for the acts of DOE OFFICER I.

71. As a result of the Defendants' acts, Plaintiff sustained damages in an amount to be proven at trial but exceeding fifteen thousand dollars ($15,000).

72. The acts of the Defendants were taken with oppression, fraud or malice and/or their conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others, therefore Plaintiff seeks punitive damages.

73. Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

**FOURTH CLAIM FOR RELIEF**

**(Negligence and/or Negligence per se)**

74. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1-72 as if fully set forth herein.

75. This cause of action is pleaded by Plaintiff against Defendants APONICK, DOE OFFICER I, CITY OF HENDERSON and the LAS VEGAS METROPOLITAN POLICE DEPARTMENT.

76. Defendants APONICK and DOE OFFICER I had a duty to perform their job according to all applicable state and federal laws and in accordance with his training and police standards.

77. Defendants breached that duty when detaining ROBERTS on April 12, 2024, and stopping him from filming.

78. The breach of duty is based, at least in part, on violation of NRS § 171.1233 (bars interference by officer to filming law enforcement).

79. In addition to the common law, these statutes were meant to prevent the type of harm which occurred and Plaintiff was in the class of people meant to be protected by the law.

80. Defendant CITY OF LAS VEGAS is vicariously liable for the acts APONICK.

81. Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT is vicariously liable for the acts of DOE OFFICER I.

82. As a result of the Defendants' acts, Plaintiff sustained damages in an amount to be

12

proven at trial but exceeding fifteen thousand dollars ($15,000).

83.    Plaintiff is entitled to attorney's fees, costs of suit, expert fees and interest.

**WHEREFORE**, Plaintiff prays for the following relief:

1.    For compensatory damages and nominal damages in an amount to be determined at trial but exceeding $15,000;

2.    For punitive damages;

3.    For reasonable costs, interest and attorney's fees;

4.    Any further relief the Court deems appropriate.

Dated this 4th day of March, 2026.

                                              **BREEDEN & ASSOCIATES, PLLC**

                                                  */s/ Adam J. Breeden*

                                              **ADAM J. BREEDEN, ESQ.**
                                              Nevada Bar No. 008768
                                              7432 W. Sahara Ave., Suite 101
                                              Las Vegas, Nevada 89117
                                              Phone: (702) 819-7770
                                              Fax: (702) 819-7771
                                              Adam@Breedenandassociates.com
                                              *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March, 2026, I served a copy of the foregoing legal document **FIRST AMENDED COMPLAINT** via the method indicated below:

| | |
|---|---|
| X | Pursuant to NRCP 5 and NEFCR 9, by electronically serving all counsel and e-mails registered to this matter on the Court's official service, Wiznet system. |
| | Pursuant to NRCP 5, by placing a copy in the US mail, postage pre-paid to the following counsel of record or parties in proper person: |
| | Via receipt of copy (proof of service to follow) |

An Attorney or Employee of the following firm:

*/s/ Kirsten Brown*

**BREEDEN & ASSOCIATES, PLLC**

14